### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONIO ROPER,<br><br>            Plaintiff,<br><br>v.<br><br>OKLAHOMA COUNTY DETENTION CENTER,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. CIV-24-1054-SLP<br>)<br>)<br>)<br>)<br>) |

### **O R D E R**

Upon review of the docket, the Court notes Plaintiff has filed a letter [Doc. No. 12] regarding funds available in his commissary account, presumably as it pertains to his ability to pay a filing fee for this action. *See id.* However, on November 26, 2024, the Court entered an Order [Doc. No. 11] construing Plaintiff's previous filing [Doc. No. 10] as a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) because Plaintiff stated his desire to "voluntarily dismiss [his] claim. . . for the purpose of refiling in the near future." *See* [Doc. No. 10].[1]

To the extent Plaintiff's most recent letter includes a request to reopen or continue this action, *see* [Doc. No. 12], the Court does not rule on correspondence, and this matter closed on November 26, 2024 pursuant to Plaintiff's Notice [Doc. No. 10]. *See Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (The filing of the Rule 41 notice "itself closes the file" and "the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them." (citations

---

[1] The docket reflects the previous Order [Doc. No. 11] was mailed to Plaintiff the day it was filed.

omitted)).  Accordingly, to the extent Plaintiff intends to seek relief on the claims asserted in this action, he may only do so by filing a new case.

    IT IS SO ORDERED this 8th day of January, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE